[No. C000867. Third Dist. Sept. 29, 1987.]

CLAUDINE CAMPBELL, Plaintiff and Appellant, v.
THIRD DISTRICT AGRICULTURAL ASSOCIATION, Defendant
and Respondent;
PADWELL, INC., Real Party in Interest and Respondent.

COUNSEL

Barry M. Meyers for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, R. H. Connett, Assistant Attorney General, and Denis D. Smaage, Deputy Attorney General, Memering, Varanini, Hurst, Crowle & Trimble and Suzanne M. Trimble for Defendant and Respondent for Real Party in Interest and Respondent.

OPINION

PUGLIA, P. J.—Plaintiff appeals from a judgment denying her petition for writ of mandate. The issue presented is whether auto racing at a county fairground racetrack adjacent to the residential area in which plaintiff lives is categorically exempt from the California Environmental Quality Act (CEQA). (Pub. Resources Code, § 21000 et seq; hereafter all references to sections of an unspecified code are to the Public Resources Code.) We answer the question in the affirmative.

Defendant Third District Agricultural Association is a local agency formed for the purpose of conducting a county fair and promoting other activities at its fairgrounds located adjacent to the City of Chico in Butte County. (Cf. *Lewis v. Seventeenth Dist. Agricultural Assn.* (1985) 165 Cal.App.3d 823, 833-835 [211 Cal.Rptr. 884].) In 1962, defendant built an automobile racetrack with a viewing grandstand and other appurtenant facilities. Since its construction, the racetrack has been used every year for automobile racing conducted on weekends from March through September. Annually the defendant grants a license to and enters into a contract with a

promoter to conduct that year's racing program. Real party in interest, Padwell, Inc., has been the licensee and contractor each year since 1978.

Prior to the approval of the 1986 license, plaintiff complained about the noise from the racetrack. Plaintiff's attorney informed defendant by letter that an environmental impact report should be prepared to determine whether any adverse environmental impacts would result from the 1986 racing program.

Plaintiff's complaints went unheeded. In February 1986 plaintiff sought a writ of mandate and injunctive relief to restrain defendant from carrying on any racing activity at the fairgrounds pending compliance with CEQA by filing either an environmental impact report or a negative declaration. The trial court denied relief, ruling the auto racing at the county fair was categorically exempt from CEQA.

It is clear from the governing statute and the related administrative guidelines that racing activity at defendant's fairgrounds generally comes within the purview of CEQA. (*Lewis* v. *Seventeenth Dist. Agricultural Assn., supra,* 165 Cal.App.3d at p. 828.) It is equally clear however that defendant's racing program is included within one of the categorical exemptions to CEQA authorized by sections 21083 and 21084. These sections direct the office of planning and research to develop, and the secretary of the resources agency (secretary) to adopt, guidelines for determining whether or not certain ongoing activities have a significant effect on the environment. If the secretary concludes the activity has no such effect, it is categorically exempt from CEQA.

Pursuant to this mandate, the secretary has found certain classes of projects categorically exempt, including: "Class 23" which "consists of the normal operations of existing facilities for public gatherings for which the facilities were designed, where there is a past history of the facility being used for the same or similar kind of purpose. For the purposes of this section, 'past history' shall mean that the same or similar kind of activity has been occurring for at least three years and that there is a reasonable expectation that the future occurrence of the activity would not represent a change in the operation of the facility. Facilities included within this exemption include, but are not limited to, *racetracks,* stadiums, convention centers, auditoriums, amphitheaters, planetariums, swimming pools, and amusement parks." (Italics added, Cal. Admin. Code, tit. 14, § 15323.)

Class 23 clearly includes defendant's racetrack and supports its claim for exemption from CEQA.

There are certain exceptions to the use of the categorical exemptions in the administrative guidelines. California Administrative Code, title 14 section 15300.2, subdivision (c) states: "A categorical exemption shall not be used for an activity where there is a reasonable possibility that the activity will have a significant effect on the environment due to unusual circumstances."

In *Lewis* v. *Seventeenth Dist. Agricultural Assn., supra,* 165 Cal.App.3d 823, this court confronted the identical issue presented here: whether a racetrack was categorically exempt from CEQA or came within the exception set forth in California Administrative Code, title 14, section 15300.2. In ruling the racetrack was not exempt, this court found it necessary to construe the meaning of "significant effect on the environment." We relied on section 21068, which provides: 'Significant effect on the environment' means a substantial, or potentially substantial, *adverse change* in the environment." (Italics added.) "Change" refers to conditions existing or events occuring after 1970 when CEQA was enacted. (*Id.,* at p. 829.) In *Lewis* the racetrack had been constructed in 1965 but a major change in the scope and degree of racing occurred in 1973, when the construction of a banked racetrack permitted auto racing at higher speeds and with greater noise and dust. (*Ibid.*) We concluded this created a significant, adverse change in the environment such as to place the racing activity within the exception to the categorical exemption found in California Administrative Code, title 14, section 15323. (*Id.,* at pp. 828-831.)

Plaintiff contends a significant change in activity occurred here when in 1976 and subsequent years defendant imposed decibel level limitations for each racing vehicle and hired a full-time noise monitor to monitor every race car. However, it is only those activities which cause a substantial, or potentially substantial, *adverse change* in the environment that place an otherwise exempt activity within the exception triggering application of CEQA. (§ 21068; see *Dehne* v. *County of Santa Clara* (1981) 115 Cal.App.3d 827, 843-844 [171 Cal.Rptr. 753].) The improvements made with regard to decibel levels cannot be said to have created an *adverse change* in the environment, but rather were designed to reduce racing noise to more reasonable levels.

In this case the uncontradicted evidence shows the track has not been modified since its construction in 1962. Nor does plaintiff on appeal make

any claim the racing program has been significantly altered during that period. Because there has been no substantial adverse change with regard to the fairground racing facilities and activities, the instant case does not come within the exception to a categorically exempt project. The trial court correctly ruled that defendant's racing activities are exempt from CEQA.

The judgment is affirmed.

Evans, J., and Harvey, J.,* concurred.

* Assigned by the Chairperson of the Judicial Council.